García, Appellant, v. Registrar of San Juan, Respondent.

Appeal from a Decision of the Registrar of Property
Refusing to Record a Deed of Purchase and Sale.

No. 521.—Decided May 18, 1922.

Record of Title — Workmen's Relief — Declaration of Heirship — Depend-
ency.—Although in principle the theory of the Workmen's Relief Act is that
property acquired by the beneficiary as a result of the death of his ancestor
is acquired by title of inheritance, for which reason a declaration of heirship.
is required in order to determine who is entitled to the indemnity, yet the
heirs who depended exclusively upon the ancestor for their support exclude
the other heirs of the same degree who were not dependent.

The facts are stated in the opinion.

*Mr. E. Campillo* for the appellant.

The respondent appeared by brief.

Mr. Justice Franco Soto delivered the opinion of the
court.

By a deed executed in San Juan on December 16, 1921,
before notary Enrique Campillo Abrams the appellant in
this case acquired by purchase from the spouses Fermín
Rodríguez and Matilde Lanza an urban property situated in
the ward of Santurce of the city of San Juan. In the same
deed it was stated that appellant Inés García was married
to José Belen Camacho, who was not a party to the deed be-
cause his wife made the purchase with her own money which
she had received as an indemnity granted to her by a deci-
sion of the Workmen's Relief Commission of November 29,
1920, for the death of her son Luis Camacho. This docu-
ment was presented in the registry and the registrar refused
to record it for the reasons stated in the following decision:

"Record of the preceding document is refused, after examining
other documents exhibited therewith, for the following reasons:
1st. Although it is stated that the source of the money paid for the
property is the indemnity referred to, it does not appear that a
declaration of heirs has been obtained as required by section 8 of
the Workmen's Relief Act as amended on May 6, 1920. 2nd. As
it appears from the documents presented that the deceased was

survived by his father and mother, which fact has not been established but may be established in the proceedings for declaration of heirs, the ownership of the indemnity partly expended in the purchase of the property must be governed by the statutes regarding inheritances and successions, as may be inferred from the said section 8 of the Act, and in that case both the father and the mother of the deceased must be considered as his presumptive heirs in the absence of descendants, for which reasons it can not be concluded that the indemnity or, for that reason, the property purchased, is the separate property of the mother, especially as her husband, José Belén Camacho, was not a party to the deed.''

The registrar's decision was appealed from by the grantee of the property.

The grounds on which the registrar's refusal was based may be summarized as follows:

(*a*) Failure to obtain a declaration of heirs in order to establish the appellant's hereditary rights;

(*b*) Even in case of compliance with that requisite, the property can not be recorded in the name of the appellant as her separate property when there are presumptive heirs of the same degree.

Subdivision 3 of section 8 of the Workmen's Relief Act of 1918, as amended by Act No. 1 of May 6, 1920, reads as follows:

''In case that the petition be filed by persons who believe themselves to be the heirs of a deceased workman, the Commission shall immediately refer the same to the Attorney General for all such proceedings, in a proper district court, by the *fiscal* thereof, or by any law clerk authorized to act as *fiscal*, as may be necessary, until obtaining a declaration of heirs of the deceased workman, and transmit such declaration to the Commission; *Provided*, That this class of proceedings shall be prosecuted in all urgency by the courts without the necessity of including the same in a special calendar; *And provided, further*, That no fees or costs shall be taxed by the court or any of its officers for the prosecution and approval of such proceedings, nor for certificates issued for the use of the Commission. Persons in charge of Civil Registries shall issue *gratis* all such certificates as may be necessary for the aforesaid purpose.''

That paragraph was an addition to the former act for the purpose of supplying an omission and thereby providing a manner to ascertain the nearest relatives entitled to receive the indemnity. The Workmen's Relief Act itself makes necessary a declaration of heirs in cases of intestate succession, in order to ascertain who the beneficiaries should be, and the reason of the law is that the right of the beneficiary to succeed the deceased workman must be governed in the first place by his degree of relationship to the deceased. As may be seen, if a claim is made by persons who consider themselves to be heirs, the statute cited makes it the duty of the Workmen's Relief Commission to inform the Attorney General of that fact in order that he may institute proceedings for a declaration of heirs. The law was so amended on May 6, 1920, and the decision of the Commission is dated November 29, 1920. From this it merely appears that the Commission did not comply with the express provision of the law on this point. And it can not be contended that the exclusive dependency of the presumptive heir upon the deceased workman is the only question which the Commission is empowered to consider. If so, it would have been useless and unnecessary for the Act to provide for a declaration of heirs in order to ascertain who are the persons favored by reason of relationship. If the Workmen's Relief Act is based in the first place on hereditary right, or if the theory is that the beneficiary is entitled to the indemnity by reason of relationship, then it is necessary to conclude that the registrar was right in assigning as the first ground of his refusal the failure to obtain a declaration of heirs for the purpose of recording the appellant's right in that manner so that the record may have full force and effect against third persons.

The second defect pointed out by the registrar is worthy of still more serious consideration. Assuming that the first defect does not exist, the question now to be decided is whether, even if a declaration of heirs had been obtained,

the degree of relationship is subordinate to the condition of dependency of those relatives who depended exclusively upon the deceased for their support. That is to say, whether among relatives of the same degree, as in this case, the mother can exclude the father from sharing in the indemnity granted for the death of their son for the sole reason that she depended exclusively on the deceased for her support.

Subdivision 5 of section 3 of the Workmen's Relief Act of 1918, as amended by Act No. 62 of June 19, 1919, reads as follows:

"5. If the laborer loses his or her life as a result of the injuries sustained, death occurring within one year from the time of the accident, as a consequence of such accident, the parents, the widower or widow, the legitimate children and grandchildren, and in the proper case the illegitimate children, whether natural or not, of the deceased laborer, all of whom were dependent exclusively on his or her earnings for their support, shall receive a compensation of three thousand (3,000) to four thousand (4,000) dollars as a maximum, which shall be graded according to the earning capacity of the deceased laborer, to the number of persons entitled to compensation, and to their conditions and necessities, which compensation shall be distributed in equal parts among the persons entitled thereto. In default of the persons hereinabove mentioned, the foster father or mother or the nearest relative who was also exclusively dependent on the earnings of the decedent, shall receive a compensation of from two thousand (2,000) to four thousand (4,000) dollars as maximum; and if there be several near relatives entitled to compensation, the same shall be distributed among them in equal parts."

It seems to follow from that statute that the Workmen's Relief Act gives a preference to certain relatives among those of the same degree by reason of their exclusive dependency for subsistence upon the deceased. This is the construction that we place upon the law, following the literal meaning of its language. But that construction appears to be contrary to the provisions of the Civil Code on the rights of succession and in that case our duty would be to decide whether such a conflict exists and how it should be adjusted. How-

ever, considering the special nature of the Workmen's Relief Act, we could not hold that there is a conflict of laws because of the preference established in that Act in favor of one or more heirs as against others of the same degree. The Civil Code and the Workmen's Relief Act are statutes that revolve in different orbits. The latter supplies a social want under the modern liberal tendencies arising from the necessity to keep pace with economical and industrial developments in the course of time.

"The interest of the public, however, is not at the present day confined to positive measures for the protection of life and limb. In the language of the United States Supreme Court, 'one of the grounds of its concern with the continued life and earning power of the individual is its interest in the prevention of pauperism, with its concomitants of vice and crime. And, in our opinion, laws regulating the responsibility of employers for the injury or death of employees, arising out of the employment, bear so close a relation to the protection of the lives and safety of those concerned that they properly may be regarded as coming within the category of police regulations.' * * * The police power is to the public what the law of necessity is to the individual. It is comprehended in the maxim, '*Salus populi suprema lex.*' It is not a rule; it is an evolution." 28 R. C. L. 741.

"Workingmen's insurance and compensation laws are the products of the development of the social and economic idea that the industry which has always borne the burden of depreciation and destruction of the necessary machinery shall also bear the burden of repairing the efficiency of the human machines, without which the industry itself could not exist." 28 R. C. L. 722.

These considerations show that the law under discussion is an actual innovation in our statute-books and that we are treading upon virgin soil as in relation to our old laws. If the provisions of the new law clash with or are incompatible with other laws, we must construe the former in a liberal spirit, as has been the case in all those states where it has been adopted, and it would not be going too far to say that every provision of law in our statute-books which is contrary

to the Workmen's Relief Act has been amended or repealed, as the case may be.

"The courts have very generally held that a spirit of liberality should characterize its interpretations." 28 R. C. L. 755.

Therefore, it is not surprising that we have to admit that although at the outset the theory of the Workmen's Relief Act is that property acquired by the beneficiary as a result of the death of his relative is acquired by title of inheritance, yet within this general theory exceptions are established giving a preference to those relatives or persons who depended exclusively upon the deceased workman. The Act itself draws a distinction between relatives of the same degree and that is an absolute provision covering other grounds than the prescriptions of the Civil Code which lay down other rules for the disposition and partition of estates of inheritance. The idea is that an actual inheritance is not involved in a case of the death of a workingman as the result of a working accident, but an indemnity partaking of all the features of insurance, which is granted to the lawful beneficiary, or the person or persons who depended exclusively upon the deceased for their maintenance and support.

The condition of exclusive dependency is a requisite *sine qua non* for giving the right to the claimant or claimants The Workmen's Relief Act enumerates the classes of persons who are given this right. Subdivision 5 of section 3, *supra.* If a person does not come within the classification of the law, and, even then, if he is not exclusively dependent for support upon the deceased, then he is not entitled to the compensation fixed by the law.

"Under a majority of the compensation acts, no person is entitled to compensation unless he is within one of the enumerated classes; nor is a payment to him authorized, although he may be a member of one of the classes of relatives, unless he is able to establish that he was dependent upon the deceased for support and maintenance." 28 R. C. L. 770.

In conclusion we will say that there are precedents, establishing a distinction within the meaning of the Workmen's Relief Act between persons who, as heirs, are entitled to the benefit of the law, and those who, under other statutes, have a right to inherit the property in general of the deceased. We may hold that the persons mentioned in the Workmen's Relief Act are known as legal beneficiaries rather than as lawful heirs. In that respect we quote the following:

"Under some of the statutes, it is the 'legal beneficiaries' who are entitled to compensation; and this is interpreted to mean those persons who are specified in the death injury act, and not the classes enumerated in the statute of descent and distribution." 28 R. C. L. 776.

Therefore, the theory of the second ground of the registrar's refusal is absolutely unfounded and his decision must be affirmed only on the first ground.

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.